996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Respondent-Appellee,
v.
Arminta Mohundro RUSSELL, Petitioner-Appellant.
 No. 92-6413.
 United States Court of Appeals, Tenth Circuit.
 June 18, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 This is a pro se appeal from the district court's denial of petitioner's request for habeas relief pursuant to 28 U.S.C. § 2255. In 1989, the petitioner was convicted on one count of bank fraud, in violation of 18 U.S.C. § 1344 (count 1), two counts of transportation of stolen property in interstate commerce, in violation of 18 U.S.C. § 2314 (counts 2 and 3), one count of conspiracy to transport stolen property in interstate commerce, in violation of 18 U.S.C. §§ 371 and 2314 (count 5) and two counts of falsely representing a social security number, in violation of 8 U.S.C. § 408(g)(2) (counts 6 and 10). She was sentenced to 5 years imprisonment on counts 2 and 3, with each of the sentences to run concurrently, and 5 years imprisonment on counts 1, 5, 6 and 10, with the sentences to run concurrently to each other but consecutively to the sentences imposed on counts 2 and 3. The petitioner appealed her judgment of conviction and sentence to this court and we affirmed. See United States v. Russell, 905 F.2d 1450 (10th Cir.), cert. denied, 498 U.S. 904 (1990).
 
 
 2
 The petitioner subsequently filed this habeas action in the United States District Court for the Western District of Oklahoma, asserting the following grounds for relief: 1) her sentence was based on erroneous information in the presentence report, 2) the district court's upward departure from the guidelines was improper, 3) the district court's imposition of consecutive sentences was improper, and 4) she was denied effective assistance of counsel. The district court rejected each of these claims and we affirm.[1]
 
 
 3
 The petitioner's first claim of error, that the presentence report was inaccurate, was never raised at trial or on direct appeal. A defendant may not raise an issue for the first time in a collateral motion unless the defendant demonstrates cause and prejudice. See United States v. Frady, 456 U.S. 152 (1982). Since the petitioner failed to allege cause and prejudice in her § 2255 motion, she is barred from attacking the validity of the presentence report.[2]
 
 
 4
 The petitioner's second claim of error, that the district improperly departed from the guidelines, and her third claim of error, that the district court improperly imposed consecutive sentences, were previously addressed by this court on direct appeal. See Russell, 905 F.2d at 1453-57. "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." United States v. Prichard, 875 F.2d 789, 791 (10th Cir.1989). In the instant case, the defendant cites no intervening change in the law justifying a reconsideration of the defendant's claims of error.
 
 
 5
 The petitioner's final claim is that she was denied effective assistance of counsel. In the proceedings below, however, the petitioner did not assert this claim until after the magistrate issued his report recommending that the petitioner's request for collateral relief be denied. Indeed, in her initial pleadings before the magistrate the petitioner explicitly stated that she was not raising a claim of ineffective assistance of counsel. See Defendant's Reply to Government's Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence, Tab # 128, at 3. The district court determined that petitioner's new claim of ineffective assistance of counsel was untimely and declined to consider it. We find no error in the district court's refusal to consider the petitioner's belated claim, see In Re Honeywell Corp., 967 F.2d 568, 571 (11th Cir.1992) (district court's duty to review magistrate's findings de novo restricted to independent review of the record), and we decline to consider it for the first time on appeal, see Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989); Burnette v. Dresser Indus., Inc., 849 F.2d 1277, 1282 (10th Cir.1988).
 
 
 6
 The district court's judgment is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The petitioner also asserted in the district court that she was entitled to habeas relief because the evidence was insufficient to support her convictions on counts 1 and 5. The petitioner has not raised this claim on appeal
 
 
 [2]
 The petitioner argues in her reply brief on appeal that the cause of her failure to challenge the presentence report was ineffective assistance of counsel. She also argues that she suffered prejudice because the report inaccurately listed a conviction for aggravated robbery which prevented her from receiving Camp Status Placement. Since these arguments are being presented for the first time on appeal, we decline to address them. Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989); Burnette v. Dresser Indus., Inc., 849 F.2d 1277, 1282 (10th Cir.1988)