13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Respondent-Appellee,
v.
Arminta Mohundro RUSSELL, Petitioner-Appellant.
 No. 93-6235.
 United States Court of Appeals, Tenth Circuit.
 Dec. 15, 1993.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 EBEL
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This is a pro se appeal from the district court's denial of Petitioner-Appellant Arminta Mohundro Russell's motion for release on bail pending appeal in her request for habeas corpus relief pursuant to 28 U.S.C. 2255.[2] Because we recently affirmed the district court's denial of the petitioner's request for habeas relief, we dismiss on mootness grounds.
 
 
 3
 In 1989, the petitioner was convicted on one count of bank fraud, in violation of 18 U.S.C. 1344, two counts of transportation of stolen property in interstate commerce, in violation of 18 U.S.C. 2314, one count of conspiracy to transport stolen property in interstate commerce, in violation of 18 U.S.C. 371 & 2314, and two counts of falsely representing a social security number, in violation of 8 U.S.C. 408(g)(2). The petitioner appealed her convictions and sentence and, on direct appeal, we affirmed. See U.S. v. Russell, 905 F.2d 1450 (10th Cir.), cert. denied, 498 U.S. 904 (1990).
 
 
 4
 On November 21, 1991, the petitioner filed a habeas corpus action in the United States District Court for the Western District of Oklahoma, alleging that (1) her sentence was based on erroneous information in the presentence report; (2) the district court's upward departure from the Sentencing Guidelines was improper; (3) the district court's imposition of consecutive sentences was improper; and (4) she was denied effective assistance of counsel. The district court rejected each of these claims and the petitioner timely filed an appeal.
 
 
 5
 While the petitioner's habeas appeal was pending before the Tenth Circuit, she filed the motion now before us to obtain release on bail pursuant to 18 U.S.C. 3143(b)(1)(B)(iv).[3] The district court denied the motion for release on bail. Order of June 9, 1993. Just nine days after the district court issued its order denying the motion for release, we affirmed the district court's denial of the petitioner's 2255 action. See U.S. v. Russell, 996 F.2d 312 (10th Cir.) (Table, Text in Westlaw, No. 92-6413), cert. denied, 62 U.S.L.W. 3335 (Nov. 8, 1993). Our dismissal of petitioner's 2255 action renders moot her motion for release on bail pending appeal. "Simply stated, a case is moot when the issues presented are no longer live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486 496 (1969). In the absence of a live case or controversy, we lack jurisdiction to entertain the petitioner's motion. See Beattie v. U.S., 949 F.2d 1092, 1093 (10th Cir.1991).
 
 
 6
 Accordingly, the appeal is DISMISSED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 For purposes of this appeal, we grant the Petitioner's request for leave to proceed in forma pauperis
 
 
 [3]
 18 U.S.C. 3143(b)(1)(B)(iv) provides:
 Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds ... that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in ... a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.