25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Arminta Mohundro RUSSELL, Plaintiff-Appellant,
v.
Ralph G. THOMPSON, Chief Judge, individually and in his
Official Capacity as United States District Judge,
Defendant-Appellee.
Arminta Mohundro RUSSELL, Plaintiff-Appellant,
v.
Timothy D. LEONARD, District Judge; William S. Price; Ted
A. Richardson; David Byers; John Does 1-50;
Jane Does 1-50, Defendants-Appellees.
Arminta Mohundro RUSSELL, Plaintiff-Appellant,
v.
Don J. GUTTERIDGE, Defendant-Appellee.
 Nos. 93-6379, 93-6381, 93-6382.
 United States Court of Appeals, Tenth Circuit.
 June 2, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 These three matters, which we companion for disposition, are before the court on Arminta Mohundro Russell's motions for leave to proceed on appeal without prepayment of costs or fees.
 
 
 3
 In order to succeed on her motions, Ms. Russell must show both a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C.1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 4
 Ms. Russell was convicted in 1989 of bank fraud, transportation of stolen property in interstate commerce, conspiracy to transport stolen property in interstate commerce, and falsely representing a social security number. She appealed her convictions and sentence and, on direct appeal, we affirmed. See United States v. Russell, 905 F.2d 1450 (10th Cir.), cert. denied, 498 U.S. 904 (1990). In doing so we thoroughly reviewed, among other things, Ms. Russell's extensive criminal history and the propriety of her sentence. Subsequently, Ms.Russell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2255, in which she again attacked her convictions and sentence. We affirmed the district court's denial of habeas relief. United States v. Russell, No. 92-6413, 1993 WL 214040 (10th Cir. June 18, 1993), cert. denied, 114 S.Ct. 457 (1993).
 
 
 5
 In April 1993, Ms. Russell filed the civil actions which are before us. These actions, all seeking money damages pursuant to claims made under 42 U.S.C.1983, name as defendants the following individuals who were involved in the criminal proceedings, convictions and sentence referred to above: The Honorable Ralph G. Thompson, United States District Judge for the Western District of Oklahoma; Don J. Gutteridge, Ms. Russell's court-appointed counsel; Timothy Leonard, former United States Attorney for the Western District of Oklahoma; William S. Price, United States Attorney for the Western District of Oklahoma; Ted A. Richardson, Assistant United States Attorney for the Western District of Oklahoma; David Byers, special agent for the Federal Bureau of Investigation; and John and Jane Does 1 through 50.
 
 
 6
 In her complaints against all of these individuals, Ms.Russell alleges a conspiracy to have her imprisoned for ten years, and variously reasserts the arguments which she made on direct appeal and collateral attack with respect to her convictions and sentence outlined above, e.g., alleged violations of due process, improper application of the sentencing guidelines, cruel and unusual punishment, and so on.
 
 
 7
 Essentially for the reasons set forth in the district court's three orders of dismissal, we conclude that these civil actions for damages against the named individuals are frivolous and that the issues raised on appeal are likewise frivolous. Accordingly, the motions for leave to proceed without prepayment of costs or fees are DENIED, and these matters are DISMISSED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470