UNITED STATES COURT OF APPEALS

**Filed 7/30/96**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

    v.

ARMINTA MOHUNDRO RUSSELL,
also known as Linda Scott,

    Defendant-Appellant.

No. 96-6097
(D.C. No. CIV-96-111-T)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.


After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered
submitted without oral argument.

This is a pro se appeal from the district court's denial of defendant's second request
for habeas relief pursuant to 28 U.S.C. § 2255.  Defendant was convicted of one count of

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

bank fraud, two counts of transportation of stolen property in interstate commerce, one count of conspiracy to transport stolen property in interstate commerce, and two counts of falsely representing a social security number. She was sentenced to concurrent terms of five years on counts 2 and 3, and concurrent terms of five years on counts 1, 5, 6, and 10, with the concurrent terms to run consecutively.

Defendant appealed her convictions and sentence to this court and we affirmed. See United States v. Russell, 905 F.2d 1450 (10th Cir.), cert. denied 498 U.S. 904 (1990). The district court's denial of defendant's first request for habeas relief pursuant to § 2255 was affirmed by this court. See United States v. Russell, 996 F.2d 312, 1993 WL 214040 (10th Cir. 1993). In her first § 2255 motion, defendant asserted her sentence was based on erroneous information (found not to have been raised at trial), upward sentence departure was improper (found to have been addressed in direct appeal), consecutive sentences were improper (found to have been addressed in direct appeal), and she was denied effective assistance of counsel (declined to consider first time on appeal).

Here, defendant contends the district court misapplied the sentencing guidelines and improperly imposed consecutive sentences, and that she was denied effective assistance of counsel. In denying the second § 2255 action, the district court found defendant's consecutive sentence assertion was raised in her direct appeal and in her first § 2255 action and that it could not be relitigated. United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). The court found that consideration of defendant's other issues was precluded. Failure to present an issue on direct appeal bars the raising of that issue in a § 2255 motion unless defendant can show cause excusing procedural default and actual prejudice resulting from the errors of which defendant complains, or can show that a

fundamental miscarriage of justice will occur if the claim is not addressed. <u>Warner</u>, 23 F.3d at 291.

When she was questioned by the district court at the sentencing hearing, defendant specifically acknowledged that her appointed counsel had been effective and conscientious. RIII at 12. Additionally, in denying the first § 2255 motion, the district court found that defendant stated in her reply to the government's response to her § 2255 motion that she "was not filing her § 2255 motion due to ineffective assistance of counsel." RI, Doc. 139 at 2.

We have carefully examined defendant's appellate briefs, all of the pleadings, and the entire record on appeal and find that the district court did not err in dismissing her second § 2255 motion.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3