**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 5 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OMAR DAVID CANNON,

Defendant-Appellant.

No. 96-7014
(D.C. No. CR-95-41-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant entered into a plea agreement and pled guilty to four counts of a nine-count indictment. The trial court sentenced him to the statutory mandatory minimum of ten years for distribution of methamphetamines and possession of a firearm after a felony conviction, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 922(g). In this appeal, defendant challenges the sentencing court's imposition of the statutory mandatory minimum sentence.

Defendant argues that he received ineffective assistance of counsel because his attorney did not argue that double jeopardy barred application of the statutory mandatory minimum sentence. We must first address whether defendant's claim of ineffective assistance of counsel is properly brought in this direct appeal. This court has held that an ineffective assistance of counsel claim should be brought in a collateral proceeding, not in a direct appeal. See United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). However, "[s]ome rare claims which are fully developed in the record may be brought either on direct appeal or in collateral proceedings." Id. at 1242. Because this ineffective assistance claim turns on a purely legal point and would not be enlightened by an evidentiary hearing, further development of the record, or a district court opinion, see id. at 1240, we will address it on direct appeal.

In addition to methamphetimines, $9,900.00 in cash was seized at the time of defendant's arrest. A civil forfeiture proceeding was brought against the

money, no claim was made, and the money was forfeited. Defendant argues that his sentence violates double jeopardy because he was put in jeopardy in the civil forfeiture action involving the money, and then again when the sentencing court considered the overall offense conduct at sentencing. Taking into account the overall offense conduct, and not just the amounts of drugs charged in the indictment, the sentencing court applied the statutory mandatory minimum sentence of ten years, rather than the sentencing guideline range of sixty-three to seventy-eight months. Defendant argues that considering the overall offense conduct to arrive at the mandatory minimum sentence on the heels of the civil forfeiture placed him in double jeopardy. Defendant's argument is convoluted, and we fail to see the connection between the sentencing court's consideration of additional amounts of methamphetamine for which defendant was not charged as "relevant conduct," and the forfeited money. We can, however, say with certainty that defendant's claim of ineffective assistance of counsel for failure to raise double jeopardy must fail. The Supreme Court recently clarified that "civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause." United States v. Ursery, 116 S. Ct. 2135, 2147 (1996). Because the double jeopardy issue has no merit, counsel cannot have been ineffective for failing to raise the argument. See United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995).

Defendant also complains of the sentencing court's use of "relevant conduct" in sentencing him to the statutory mandatory minimum. In calculating the quantity of methamphetamine for sentencing, the court found that the overall offense conduct involved more than 100 grams of methamphetamine, including quantities seized at the time of arrest that were not included in the charges to which defendant pled guilty, thereby triggering the statutory mandatory minimum sentence of ten years. See 21 U.S.C. § 841(b). Defendant's challenge is foreclosed by our decision in United States v. Reyes, 40 F.3d 1148, 1151 (10th Cir. 1994). Contrary to defendant's argument, we are not persuaded that this case is distinguishable from Reyes.[1]

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

---

[1] Defendant argues that Reyes is distinguishable because that defendant was given notice that the mandatory minimum was ten years. In this case, defendant's plea agreement stated that the mandatory minimum was five years. Before defendant was sentenced, however, the sentencing court explained to defendant that, because of an intervening change in the law, the mandatory minimum was ten years and gave defendant the opportunity to withdraw his guilty plea. After conferring with counsel, defendant declined to withdraw his plea, and the sentencing hearing continued. As in Reyes, defendant had notice of the ten-year mandatory minimum sentence.