**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 31 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

OMER DAVID CANNON,

     Defendant-Appellant.

No. 97-7083
(D.C. No. 97-CV-209-S)
(Eastern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

---

Omer David Cannon appeals the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

Cannon pleaded guilty to distribution of methamphetamine in violation of 21 U.S.C. § 841(a) and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). <u>See</u> <u>United States v. Cannon</u>, No. 96-7014, 1997 WL 92926, at

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*1 (10th Cir. Mar. 5, 1997) (unpublished order). He was sentenced to the statutory mandatory minimum of ten years' imprisonment. See id. This court affirmed his conviction and sentence. See id. at *2.

A few weeks later Cannon filed the instant § 2255 motion. (R. 1.) The district court denied his motion and declined to issue a certificate of appealability as required by 28 U.S.C. § 2253 (West Supp. 1997). (R. 8, 11.) Cannon now requests that this court issue the certificate and hear his appeal. In order to secure a certificate of appealability, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West Supp. 1997). We have held that the standard for granting a certificate of appealability is the standard set out by the Supreme Court in Barefoot v. Estelle, 463 U.S. 880 (1983). See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied 117 S. Ct. 746 (1997), overruled on other grounds by United States v. Kunzman, 125 F.3d 1363, 1365 n.2 (10th Cir. 1997). Under the Barefoot standard, a certificate will issue only where the movant has demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions presented are deserving of further proceedings. See Barefoot, 463 U.S. at 893 n.4.

On appeal, Cannon raises six issues: (1) the district court erred in sentencing him without determining whether the methamphetamine was D-

methamphetamine or L-methamphetamine; (2) the district court erred in using the 1995 Guidelines rather than the 1994 Guidelines; (3) his counsel was ineffective for not raising or appealing the fact that the type of methamphetamine was not established; (4) the district court erred in not conducting an evidentiary hearing on whether Cannon was a felon; (5) he was punished twice for possession of firearms in violation of the Double Jeopardy Clause; and (6) his counsel was ineffective for inducing Cannon to accept a fraudulent plea agreement.

A motion pursuant to 28 U.S.C. § 2255 is not a substitute for a direct appeal. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). Consequently, a defendant may not raise claims that were not presented on direct appeal unless he can show cause for and prejudice resulting from the error. See id. Further, a defendant who has pleaded guilty, as did Cannon in this case, waives all non-jurisdictional challenges to his conviction and may thereafter challenge only the voluntary and intelligent nature of his plea. See United States v. Wright, 43 F.3d 491, 494 (10th Cir. 1994).

Although generally ineffective assistance claims are reserved for collateral proceedings, in Cannon's case this court considered an ineffective assistance of counsel argument on direct appeal. See United States v. Cannon, 1997 WL 92926 at *1. Consequently, we need not consider Cannon's new ineffective assistance arguments. However, even if we were now to address Cannon's claim that he

- 3 -

received ineffective counseling regarding his plea agreement, we would find it meritless based on our previous ruling that Cannon was aware of the provisions of his plea agreement when he declined to withdraw his plea. See id. at *2 n.1.

In addition, Cannon now challenges his status as a felon for the purposes of 18 U.S.C. § 922(g), the federal statute that prohibits the possession of a firearm by a felon. Cannon does not show cause for or prejudice from not having raised this argument earlier. In any event, as part of his plea procedure Cannon had to have admitted the elements of the crime to which he pleaded guilty. His current unsupported allegations are insufficient to overcome his previous sworn assertions.

For the remaining arguments Cannon cannot show cause for or prejudice from not having raised the arguments earlier. In light of the fact that Cannon was sentenced to the statutory mandatory minimum term of ten years' imprisonment, see United States v. Cannon, 1997 WL 92926 at *1; 21 U.S.C. § 841(b), his Guideline contentions are meritless. Section 841(b) does not differentiate between types of methamphetamine, and thus there was no need for counsel to raise the issue of what type of methamphetamine Cannon possessed or for the district court to make a finding that Cannon possessed D-methamphetamine or L-methamphetamine. Further, because Cannon was not sentenced according to the Guidelines, it makes no difference for purposes of his sentence which version of

the Guidelines was applicable. Cannon's double jeopardy claim, which is based upon his being sentenced as a felon in possession of a firearm and also having his Guideline offense level enhanced for possession of a firearm, fails for the same reason. Without a showing of prejudice Cannon may not proceed with these claims under § 2255.

Cannon has not made a substantial showing of the denial of a constitutional right. Accordingly, his request for a certificate of appealability is DENIED and the appeal is DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

- 5 -