**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 18 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

KEITH LAMAR ORANGE,

　　Defendant - Appellant.

No. 02-6112
D.C. Nos. CIV-01-1606-A
and CR-98-44-A
(W. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **O'BRIEN**, Circuit Judges.

A jury convicted Defendant-Appellant Keith Lamar Orange of conspiring to file and filing false claims for income tax refunds with the Internal Revenue Service, in violation of 18 U.S.C. §§ 286-287. (Slip Op. at 1.) Orange committed those crimes while incarcerated in Oklahoma; the crimes involved fellow inmates and others who were not incarcerated. (Slip Op. at 1-2.) His convictions and

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentences were affirmed on direct appeal. See United States v. Orange, No. 99-6009, 2000 U.S. App. LEXIS 13706 (10th Cir. June 12, 2000), cert. denied, 531 U.S. 939 (2000).

Orange then filed a pro se motion under 28 U.S.C. § 2255 to "Vacate, Set Aside, or Correct Sentence" on five grounds: 1) that minorities were unconstitutionally excluded from his jury venire and petit jury; 2) that the prosecutor used illegal plea agreements from co-conspirators against him; 3) that the statutes under which he was convicted were unconstitutional; 4) that his indictment was insufficient; and 5) that his trial and appellate counsel provided ineffective assistance. (Slip Op. at 1, 2.) The district court rejected all five of his grounds for relief. (Slip Op. at 1.) Orange then filed a notice of appeal with this Court and a motion to proceed in forma pauperis. Because the district court failed to address whether Orange's claims merited the issuance of a certificate of appealability (COA), see 18 U.S.C. 2253(c)(1)(B), we will construe his notice of appeal as a renewed request for a COA. See Hoxie v. Kerby, 108 F.3d 1239, 1241 (10th Cir. 1997). And because we believe that Orange raises nonfrivolous claims on appeal, see McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812-13 (10th Cir. 1997), we GRANT his request to proceed in forma pauperis. However, we DENY Orange's application for a COA and DISMISS his appeal for

failure to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Orange challenges both facially and as-applied the selection of jurors in his case. He bases his arguments on the Fifth Amendment, the Sixth Amendment, and the Jury Service and Selection Act of 1968, 28 U.S.C. § 1861-78. (Slip Op. at 3; Aplt. Br. at 3.) With respect to his facial challenge, Orange complains that the Western District of Oklahoma's policy of drawing jury venires from voter registration lists leads to the unconstitutional under-representation of minorities. He argues that the Western District should follow the Northern District of Oklahoma's lead and supplement its jury venire list with a driver's license list, which would lead to greater minority representation. (Slip Op. at 4.) To bring an effective facial challenge in this context, Orange would have to show that the use of voter registration lists "systematically exclud[es] a distinct, cognizable class of persons from jury service." United States v. Rising, 867 F.2d 1255, 1260 (10th Cir. 1989). This Orange has failed to do. Moreover, federal courts have generally upheld the use the use of voter registration lists to select jury venires. See, e.g., id.; United States v. Gault, 141 F.3d 1399, 1403 (10th Cir. 1998); Truesdale v. Moore, 142 F.3d 749, 755-56 (4th Cir. 1998). We thus reject Orange's facial challenge to the Western District's system for selecting jury venires.

Orange bases his as-applied challenge solely on the allegation that all of the members of his own jury venire and petit jury were white. (Slip Op. at 3.) But "[t]his circuit and others have repeatedly emphasized that ... evidence of a discrepancy on a single venire panel ... is insufficient to demonstrate systematic exclusion." United States v. Hill, 197 F.3d 436, 445 (10th Cir. 1995) (citing cases). Because Orange has failed to bring forth more substantial evidence to support his as-applied challenge, we reject his challenge to the composition of his jury venire and petit jury.

Orange's second ground for relief–his allegation that the prosecutor used an illegal plea agreement with coconspirators against him–was rejected by this Court on direct appeal. See Orange, 2000 U.S. App. LEXIS 13706, at *4-5. The district court correctly ruled that Orange's reinvocation of this claim on collateral attack is barred by res judicata, see United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (Slip Op. at 2); we thus decline to review it here.

Orange rests his third ground for relief on a challenge to the constitutionality of the statutes under which he was convicted, 18 U.S.C. §§ 286-287. He claims that under United States v. Lopez, 514 U.S. 549 (1995), those statutes–which respectively prohibit conspiracy to defraud the United States government by filing false claims and the actual filing of such claims–exceeded the scope of Congress's powers under the Commerce Clause, U.S. Const. art. I, §

8, cl. 3. The district court did not address the merits of Orange's commerce clause argument; rather, it held that the Necessary and Proper Clause of Article 1, § 8, cl. 18, provided an independent source of congressional authority to enact the statutes in question. That decision was incorrect. The Necessary and Proper Clause is not itself a source of congressional power; rather, the Clause must be coupled with some other congressional power, as its text makes clear: "To make all Laws which shall be necessary and proper <u>for carrying into Execution the foregoing Powers</u>, and <u>all other Powers</u> vested by this Constitution in the Government of the United States, or in any Department or Officer thereof." U.S. Const. art I, § 8, cl. 18 (emphasis added). We do not here address the merits of Orange's Commerce Clause claim, as we find a sufficient source of power for the challenged statutes elsewhere in the Constitution–thus rendering irrelevant to Orange's case any Commerce Clause challenge to those statutes. Because the statutes he challenges prohibit the defrauding of the federal government–which obtains its money through taxes–they are a necessary and proper exercise of Congress's power to tax and spend for the general welfare. U.S. Const., art I, § 8, cl. 1. They are thus a valid exercise of congressional power. We reject this basis for Orange's claim for relief.

Orange's fourth ground for relief is that Count 1 of his indictment stated that he and others "agreed, combined and conspired" to defraud the United States,

whereas 18 U.S.C. § 286 prohibits a person from "entering into any agreement, combination, or conspiracy to defraud the United States." Orange argues that by using words different from those in the statute, the indictment was insufficient. We agree with the district court that this argument is frivolous and reject it. (Slip Op. at 5.)

Orange's fifth and final claim for relief–ineffective assistance of counsel–is based solely on his attorney's failure to raise the foregoing four issues at trial or on appeal. Because we find no merit in any of those claims, counsel was not ineffective for failing to raise them. We thus reject Orange's ineffective assistance claim.

For the foregoing reasons, we GRANT Orange's application to proceed in forma pauperis on appeal, but we DENY Orange's request for a COA and DISMISS his appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge