**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Scott A. WARNER, Defendant–Appellant.**

**No. 93–3275.**

United States Court of Appeals, Tenth Circuit.

April 28, 1994.

---

Scott A. Warner, pro se.

Randall K. Rathbun, U.S. Atty., Leon J. Patton, Asst. U.S. Atty., Kansas City, KS, for plaintiff-appellee.

Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant Scott A. Warner, appearing pro se, appeals the district court's denial of his motion to correct his presentence investiga-

tion ("PSI") report pursuant to Fed. R.Crim.P. 32(c)(3)(D) and also appeals the dismissal of his 28 U.S.C. § 2255 motion. We have jurisdiction under 28 U.S.C. § 1291.

On October 16, 1989, Defendant pleaded guilty to attempted possession of cocaine with intent to distribute, 21 U.S.C. §§ 841(a)(1), 846. Prior to sentencing, Defendant filed numerous objections to his PSI report, all of which the district court rejected at Defendant's sentencing hearing.[1] On March 27, 1990, the district court sentenced Defendant to eighty-seven months imprisonment. On direct appeal, we affirmed Defendant's sentence in an unpublished opinion. *See United States v. Warner*, No. 90–3107, 1991 WL 65111 (10th Cir. April 22, 1991).

On June 25, 1992, Defendant filed a motion to correct his PSI report pursuant to Fed. R.Crim.P. 32(c)(3)(D). In his motion, Defendant did not challenge the validity of his sentence; instead, Defendant challenged numerous factual statements contained in the PSI report, requested that the court correct the PSI report's inaccuracies, and requested that the court order the Probation Office "to strike and redact the report before returning it to the Bureau of Prisons."

On February 23, 1993, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In this motion, Defendant alleged: (1) the government breached its plea agreement by introducing evidence of his acceptance of responsibility and course of criminal conduct, (2) the government used improper hearsay evidence to support a sentence enhancement in violation of the Fifth and Sixth Amendments, (3) the government improperly used grand jury transcripts to support a sentence enhancement, (4) his sentence was improperly enhanced by use of uncharged drug activity, and (5) his criminal history category was improperly enhanced.

On August 17, 1993, the district court denied as untimely Defendant's Rule 32(c)(3)(D) motion to correct his presentence report, concluding that the motion should

have been submitted to the court prior to sentencing. The court also dismissed Defendant's § 2255 motion, noting that the issues Defendant raised in his § 2255 motion had either been decided on direct appeal or should have been raised on direct appeal and were therefore procedurally barred. This appeal followed.

### I.

Defendant first contends the district court erred in denying his Rule 32(c)(3)(D) motion. Defendant claims that because the Bureau of Prisons uses his PSI report to obtain background information and determine his parole eligibility, the district court should have investigated and corrected the alleged factual inaccuracies contained in the PSI report.

■ To "provide[ ] for focused, adversarial development of the factual and legal issues relevant to determining the appropriate Guidelines sentence," *Burns v. United States*, 501 U.S. 129, 134, 111 S.Ct. 2182, 2185, 115 L.Ed.2d 123 (1991), Rule 32(c) requires a probation officer to conduct a presentence investigation and issue a report which the district court must consider in sentencing. *See* Fed.R.Crim.P. 32(c). Within a reasonable time before sentencing, the PSI report must be disclosed to the defendant and his attorney, *see* Fed.R.Crim.P. 32(c)(3)(A), and the district court must determine at sentencing whether defendant and his attorney have had the opportunity to read and discuss the report, Fed.R.Crim.P. 32(a)(1)(A). Rule 32(c)(3)(D) provides that a defendant may challenge factual inaccuracies contained in a PSI report:

> If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary

---

1. Specifically, Defendant challenged: (1) the government's opposition to a two-level reduction for acceptance of responsibility in violation of his plea agreement; (2) the PSI's failure to reflect acceptance of responsibility through a two-level reduction; (3) an adjustment for obstruction of justice; and (4) the computation of his base offense level.

because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

Defendant contends that Rule 32(c)(3)(D) standing alone allows the district court to correct his PSI report after sentence has been imposed. We disagree.

■ Once the district court has heard objections to the report and has imposed sentence, the district court's jurisdiction over the defendant becomes very limited. *See, e.g.,* Fed.R.Crim.P. 35 (district court may correct illegally imposed sentence only within seven days after imposition of sentence); *United States v. Johns,* 638 F.2d 222, 224 (10th Cir.1981) (district court lacks jurisdiction to consider Rule 35 motion to correct sentence after defendant's appeal is filed). Thus, postsentence challenges to a PSI report which are submitted to the district court must be based on statutes or rules which give the district court jurisdiction to consider the challenge. *See generally Knopp v. Magaw,* 9 F.3d 1478, 1479 (10th Cir.1993) (subject matter jurisdiction must attach before district court may exercise its power). Under the procedure set forth in Rule 32(c)(3)(D), where a defendant alleges factual inaccuracies in the PSI report, the district court must either make a finding concerning the objection or a determination that such a finding is unnecessary because "the matter controverted *will not be taken into account in sentencing.*" Fed.R.Crim.P. 32(c)(3)(D)(i)–(ii) (emphasis added). This language, which presumes that objections to the PSI report will be dealt with only as they

affect sentencing, clearly contemplates that the defendant must challenge errors contained in the PSI report *prior to* the imposition of sentence and ensures that the defendant receives (1) a fair sentence based on accurate information and (2) a clear record of the resolution of disputed facts. *See United States v. Gattas,* 862 F.2d 1432, 1434 (10th Cir.1988) (noting these two important functions of Rule 32(c)(3)(D)); *see also United States v. Engs,* 884 F.2d 894, 896 (5th Cir. 1989) (rule contemplates objections to PSI report prior to sentencing when resolution of disputed matters will most benefit defendant); *United States v. Freeny,* 841 F.2d 1000, 1002 (9th Cir.1988) (Rule 32 allows challenge to presentence report during imposition of sentence, not later). Thus, "the language of Rule 32(c)(3)(D) offers no basis for empowering the sentencing court to hear *postsentence* challenges to [a] PSI report." *Engs,* 884 F.2d at 896. We therefore conclude that Rule 32(c)(3)(D), standing alone, cannot provide a district court with jurisdiction to hear challenges to a presentence report once sentence has been imposed.[2] *See id.; United States v. Catabran,* 884 F.2d 1288, 1289 (9th Cir.1989); *United States v. Giaimo,* 880 F.2d 1561, 1563 (2d Cir.1989); *United States v. Sarduy,* 838 F.2d 157, 158 (6th Cir.1988); *United States v. Fischer,* 821 F.2d 557, 558 (11th Cir.1987). Thus, the district court did not err in denying Defendant's Rule 32(c)(3)(D) motion, as it was without jurisdiction to consider the matter.[3]

■ Although the district court lacked jurisdiction to consider Defendant's motion under Fed.R.Crim.P. 32(c)(3)(D), pro se pleadings must be construed liberally, *see Hall v. Bellmon,* 935 F.2d 1106, 1109–10 (10th Cir.1991), and thus it might have been

---

2. Although we note that the advisory committee notes to Fed.R.Crim.P. 32 indicate that a defendant has a continuing interest in an accurate and reliable presentence report after the imposition of sentence, we find nothing in these notes which suggests that Rule 32(c)(3)(D) creates a jurisdictional basis for federal district courts to hear a postsentence application to correct a presentence report. *See, e.g., United States v. Ursillo,* 786 F.2d 66, 70 (2d Cir.1986) (advisory committee notes inconclusive as to whether Rule 32 provides jurisdictional basis for postsentence attack on presentence report).

3. To the extent our holding conflicts with our holding in *United States v. Hart,* 922 F.2d 613, 615 (10th Cir.1990) (jurisdiction exists under Rule 32 to entertain postsentence challenge to Rule 32(c)(3)(D) violations), we have presented this issue to the en banc court. The court has voted unanimously that Rule 32(c)(3)(D) does not provide an independent jurisdictional basis for attacking the accuracy of a PSI report after sentence has been imposed.

possible for the district court to construe the motion as a § 2255 motion. In the instant case, we decline to construe Defendant's Rule 32 motion as a § 2255 motion because it is apparent from the Defendant's submissions to the district court that Defendant did not intend the motion to be so construed. First, Defendant's subsequent § 2255 motion filed on February 23, 1993, raised issues similar to those raised in his Rule 32 motion, displaying an intent to attack his sentence only in the later § 2255 motion. Furthermore, the subsequent § 2255 motion also shows his intent that the previous Rule 32 motion not be construed as a § 2255 motion because if it was so construed, the latter petition raising new issues attacking the sentence would be subject to challenge as successive. *See* Rule 9(b) of the Rules Governing Section 2255 Proceedings (successive petition may be dismissed if new and different grounds for relief are alleged); *United States v. Talk*, 597 F.2d 249, 250 (10th Cir.1979). Based on these factors, we decline to construe Defendant's Rule 32 motion as a § 2255 motion.

## II.

■ Defendant also claims the district court erred in dismissing his § 2255 motion. Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal. *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir.1993). A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed. *Id.* A court may raise this procedural bar defense sua sponte but must afford the movant an opportunity to respond to the defense. *Hines v. United States*, 971 F.2d 506, 509 (10th Cir.1992).

■ In the instant case, Defendant did not raise on direct appeal his claims concerning (1) the government's use of improper hearsay evidence to support a sentence enhancement in violation of the Fifth and Sixth Amendments and (2) the government's improper use

of grand jury transcripts to support a sentence enhancement. Therefore, Defendant may be barred from raising these issues in his § 2255 motion because of his procedural default. *See Cook*, 997 F.2d at 1320. The district court sua sponte raised the procedural bar defense and concluded Defendant did not show good cause for his failure to advance these issues on direct appeal. However, the court neglected to afford Defendant an opportunity to respond to the procedural default defense. Because it was error not to afford Defendant an opportunity to respond, we remand to the district court so that Defendant can be given the opportunity to attempt to demonstrate cause and prejudice for failing to raise these claims on direct appeal.

■ As to Defendant's remaining issues— *i.e.*, (1) the government's breach of its plea agreement, (2) the improper use of prior drug transactions to calculate his base offense level, and (3) the improper use of a state conviction in calculating his criminal history category—we have previously considered and disposed of these issues on direct appeal. *See United States v. Warner*, No. 90–3107, 1991 WL 65111 (10th Cir. April 22, 1991) (deciding issues adversely to Defendant). Therefore, Defendant may not raise these issues under § 2255. *See Cook*, 997 F.2d 1312, 1318 n. 6 (10th Cir.1993) (claim of erroneous admission of evidence addressed on direct appeal could not be considered under § 2255); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir.1989) (absent intervening change in law of circuit, issues disposed of on direct appeal generally will not be considered in a § 2255 collateral attack). Thus, the district court did not err in dismissing Defendant's § 2255 motion as to these claims.

We AFFIRM the district court's denial of Defendant's postsentence Fed.R.Crim.P. 32(c)(3)(D) motion to correct his PSI report, and also AFFIRM, in part, the district court's dismissal of Defendant's § 2255 motion. We REVERSE the district court's dismissal of Defendant's § 2255 motion as to the issues contending that (1) the government used improper hearsay evidence to support a sentence enhancement in violation of

the Fifth and Sixth Amendments and (2) the government improperly used grand jury transcripts to support a sentence enhancement, and REMAND to the district court to allow Defendant to attempt to show cause for his procedural default.