36 F.3d 1106
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Linda Sue ESCH, Defendant-Appellant.
 No. 94-1159.
 United States Court of Appeals, Tenth Circuit.
 Sept. 16, 1994.
 
 Before LOGAN, McWILLIAMS and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Linda Sue Esch (Esch), appearing pro se and having been granted leave to proceed in forma pauperis, appeals from the district court's Order of Dismissal which accepted and adopted the Recommendation of the United States Magistrate Judge in denying and dismissing her habeas corpus petition brought pursuant to 28 U.S.C. 2255.
 
 
 3
 Esch was convicted following a jury trial of sixteen counts of sexual exploitation of her children in violation of 18 U.S.C. 2251(a), and sentenced to concurrent ten-year terms of imprisonment on eight of the counts, to be followed by concurrent five-year terms of probation on the remaining counts.
 
 
 4
 On appeal, Esch contended that the trial court erred in: excluding testimony of her expert witness; improperly admitting certain evidence seized from her home; ruling that a conspiracy existed between her, William Esch, her husband, and Thomas Blackledge; and in denying her motion for a severance. Esch also argued that: 18 U.S.C. 2251(a) was unconstitutional as a strict liability criminal statute; the government's undercover operation constituted outrageous governmental conduct; the government manufactured federal jurisdiction; and that the indictment was multiplicitous. We previously carefully considered and rejected each of Esch's allegations of error and affirmed. United States v. Esch, 832 F.2d 531 (10th Cir.1987), cert. denied, 485 U.S. 991 (1988) (Esch I ).
 
 
 5
 In her 2255 motion to vacate, set aside, or correct her sentence, Esch alleged: the district court should have granted her motion for a severance; the government withheld evidence favorable to her defense; she was denied effective assistance of counsel; she was unable to subpoena a witness favorable to her defense; the government engaged in an illegal "sting" operation to arrest her; and 18 U.S.C. 2251 is unconstitutional as vague.
 
 
 6
 In his Recommendation, the magistrate judge found: Esch was not entitled to severance because Esch, her husband, and Blackledge participated in the same actions, the evidence overlapped, the offenses were analogous, and the events took place in the same time frame; Esch's claim that the government withheld evidence favorable to her defense was not raised on direct appeal and was not, accordingly, a proper ground for relief under 2255, and further it did not constitute a constitutional violation because the alleged evidence, even if it did exist, did not relate to the elements of 18 U.S.C. 2251(a); Esch's claim of ineffective assistance of counsel was not raised on direct appeal and was not, accordingly, a proper ground for relief under 2255, and further it did not constitute a constitutional violation, because defense counsel's actions were within the standard of reasonableness under Strickland v. Washington, 466 U.S. 668 (1984); Esch's claim that she was not allowed to present the testimony of witnesses favorable to her defense was not raised on direct appeal and was not, accordingly, a proper ground for relief under 2255, and further it did not constitute a violation of Esch's constitutional rights because it is apparent that Esch was referring to witnesses that she could have called but did not call; Esch's claim that the government engaged in an illegal sting operation and that she was enticed to commit the crimes she was charged with did not constitute a violation of Esch's constitutional rights, because Esch was predisposed to exploit young girls; Esch's claim that 18 U.S.C. 2251(a), which has been held constitutional in other contexts, was unconstitutionally vague, did not constitute a violation of Esch's constitutional rights.
 
 
 7
 Two of the contentions raised in Esch's motion 2225, i.e., that the undercover operation constituted outrageous governmental conduct and that she was entitled to a severance, were carefully considered and rejected in Esch I. Absent intervening change in the law, a district court will not generally consider in a 2255 collateral attack issues which were considered and decided on direct appeal. United States v. Warner, 23 F.3d 287, 291 (10th Cir.1994). These contentions are controlled by Esch I.
 
 
 8
 Three of the issues raised in Esch's 2255 motion, i.e., that the government withheld evidence favorable to her defense, that she was denied effective assistance of counsel, and that she was not allowed to present the testimony of witnesses favorable to her defense were not presented on direct appeal. "A defendant who fails to present an issue on direct appeal is barred from raising the issue in a 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Allen, 16 F.3d 377, 378 (10th Cir.1994).
 
 
 9
 Although Esch failed to show cause for her procedural default and actual prejudice resulting from the alleged errors or that a fundamental miscarriage of justice would occur if her claims were not addressed, the district court nevertheless carefully considered and rejected each of the three aforementioned issues on the merits.
 
 
 10
 We affirm the district court's Order of Dismissal of Esch's 2255 motion dated March 24, 1994, for substantially the reasons set forth in the magistrate judge's Recommendation dated February 14, 1994 (R., Vol. I, Tab 6).
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470