**UNITED STATES COURT OF APPEALS**
**Filed 10/23/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MICHAEL RAYMOND STONE,

     Defendant - Appellant.

No. 96-8039
(D.C. No. 94-CR-139)
(District of Wyoming)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **KELLY** and **LUCERO**, Circuit Judges.

Defendant Michael Raymond Stone, appearing pro se, appeals the district court's denial of his "Motion to Correct Error in Pre-Sentence Report." We affirm.

In July 1995, the district court sentenced defendant to seventy months imprisonment for manufacturing and distributing methamphetamine, and conspiring to possess with intent to distribute methamphetamine. Defendant did not file a direct appeal.

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Nine months after he was sentenced, defendant filed a motion to correct errors in his presentence report. R. Supp., doc. 243. He claimed that three points had been erroneously added to his criminal history for a criminal charge that was dismissed after his sentencing in the present case. Id. He asked the district court to recalculate his guideline score and to resentence him at the bottom of the applicable guideline range. Id. The district court denied the motion after determining that the three points were properly assessed. I R., doc. 246 at 2.

On appeal, defendant claims that the district court erred in refusing to correct the criminal history calculation in the presentence report. Defendant argues, as he did before the district court, that the error affects his sentence. Also, he claims a right to a corrected presentence report because of the adverse consequences that will flow from an inaccurate report, particularly with regard to decisions made by the Bureau of Prisons. Defendant claims that the lack of discretion in sentencing results in statements by the trial courts such as: "Sorry I have to sentence you to life for smoking that joint Suzy but my hands are tied." Thus, he tells us, accurate reporting of prior convictions is imperative.

We have previously ruled that after the district court has imposed a sentence, it lacks jurisdiction to correct a presentence report under Fed. R. Crim. P. 32. See United States v. Warner, 23 F.3d 287, 290 (10th Cir. 1994).

Therefore, the district court properly denied defendant's motion to correct the presentence report.

Defendant requests that we construe his motion to correct the presentence report as a motion to correct his sentence under 28 U.S.C. § 2255. Because the district court did not treat the motion as one under § 2255, we do not do so on appeal. A motion to correct a sentence under § 2255 should be filed with the district court, Fed. R. App. P. 22(a), generally within one year of the date the conviction becomes final, § 2255. With limited exceptions, a defendant may file only one § 2255 motion. See id. Therefore, a defendant should join all grounds for attacking his sentence in a single § 2255 motion. We do not comment on the relief that may be available to Stone under § 2255, but leave that matter to the district court, should defendant file such a motion.

AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge