NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2007[*]
Decided February 1, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-3151

| | |
|---|---|
| JIMMY Q. GREEN,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>RICK V. VEACH, Warden,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division<br><br>No. 2:06-CV-96-LJM-WTL<br><br>Larry J. McKinney,<br>*Chief Judge.* |

**O R D E R**

Jimmy Green was convicted in the United States District Court for the Eastern District of Michigan of possession of a firearm by a felon, *see* 18 U.S.C. § 922(g)(1), and was sentenced to a term of 80 months' imprisonment, which he is now serving at the United States Penitentiary at Terre Haute, Indiana. He filed in the Southern District of Indiana a petition for a writ of habeas corpus, *see* 28 U.S.C.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

§ 2241, claiming that the Bureau of Prisons improperly classified him as a high-risk inmate and placed him in a high-security prison based on erroneous information contained in his presentence investigation report. The district court denied the petition because Green failed to exhaust his administrative remedies. We affirm.

After his conviction and sentence became final, Green filed a motion with the sentencing court in the Eastern District of Michigan seeking to have his presentence investigation report amended to remove all references to the probation officer's recommendation that he receive an upward adjustment under U.S.S.G. § 2K2.1(b)(5); the probation officer thought that adjustment was warranted because, he believed, Green had possessed the gun in connection with an assault committed against his wife. At sentencing, the court had found the adjustment inapplicable, but nevertheless declined to strike the recommendation from the report. Then in response to Green's post-judgment motion, the sentencing court held on the strength of *United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994), that it lacked jurisdiction to consider a challenge to a presentence report after the sentence was imposed.

Green then filed an inmate complaint asking that prison administrators amend his presentence report so that his "custody points would drop" and he would be eligible for transfer from the high-security penitentiary at Terre Haute to a low-security facility closer to his family in Detroit. The warden responded to Green's request for administrative relief by informing him that any alteration to the presentence report must be done by the United States Probation Office, over which the BOP has no authority, and noting that the prison had forwarded his request to the Probation Office for review. Green did not appeal the warden's decision. The Probation Office responded in writing, setting forth why it believed the report to be correct and stating that only the sentencing judge has the power to order changes to the report after it has been disclosed. The prison conveyed this response to Green and took no further action.

The BOP has established a formal administrative process for reviewing inmate complaints concerning the conditions of their confinement. The regulations first require inmates to pursue informal resolution of their grievances. 28 C.F.R. § 542.13. If this is unsuccessful, an inmate may file a written complaint with the warden. *Id.* § 542.14. If dissatisfied with the warden's response, an inmate may appeal to the Regional Director and, if still dissatisfied, to the General Counsel for a final decision. *Id.* § 542.15. Under 42 U.S.C. § 1997e(a), an inmate challenging the conditions of his confinement must exhaust all available administrative remedies before seeking relief from the courts under any federal law.

Here, the district judge correctly concluded that Green failed to exhaust his administrative remedies within the prison system by electing not to appeal the

warden's decision. Green argues that an appeal would have been futile when the BOP "by law could provide no remedy." Presumably Green refers to the warden's conclusion that only the Probation Office can alter a presentence report. But even if denial of the requested relief is the most likely outcome, that alone is insufficient justification for excusing Green from the exhaustion requirement. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537–38 (7th Cir. 1999) (holding that there is no futility exception to § 1997e(a)). As we've said before, "[l]ightning may strike" and even if it doesn't, the BOP may conduct further investigation or provide additional reasoning for its determination that will aid the district court in considering the merits of the claim. *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

AFFIRMED.