**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DANNY RAY CERVANTES,

      Defendant-Appellant.

No. 07-2167
(D.C. No. CIV-05-974-LH-LAM)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Danny Ray Cervantes, a federal prisoner proceeding with retained counsel, seeks to challenge his imprisonment in a 28 U.S.C. § 2255 habeas petition. The district court dismissed the petition, concluding that three of the four claims had already been litigated on direct appeal and any ineffective assistance of counsel claim failed because the attorney's performance was not deficient. Mr. Cervantes now seeks before us a certificate of appealability ("COA") to appeal the district

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's order, and for substantially the same reasons set forth by the district court, we deny the application for a COA.[1]

* * *

In October 2001, a federal grand jury in the District of New Mexico indicted Mr. Cervantes on the charge of possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). His trial counsel filed a motion to suppress evidence, but because of plea negotiations with the government, did not file a supporting brief. The district court denied the motion without a hearing, and in January 2002 Mr. Cervantes changed his plea to guilty pursuant to a plea agreement with the government.

Mr. Cervantes later filed a motion to withdraw his plea, claiming that he was induced into the plea agreement by the opportunity to cooperate and receive a downward departure, and that this opportunity and concomitant departure recommendation did not materialize. The district court denied the motion as well as Mr. Cervantes's motion for a downward departure and sentenced Mr. Cervantes to 188 months imprisonment and 5 years supervised release.

Mr. Cervantes appealed to this court, arguing that (1) the government breached the plea agreement, (2) the district court abused its discretion in denying

---

[1] Mr. Cervantes did not file a separate application for a COA, but his notice of appeal is deemed a renewed application for a COA pursuant to Federal Rule of Appellate Procedure 22(b)(2).

his motion to withdraw his plea, and (3) the district court abused its discretion by not considering his cooperation when imposing his sentence. *United States v. Cervantes*, 115 F. App'x 1, 2-3 (10th Cir. 2004). This court affirmed the judgment of the district court.

In his current Section 2255 petition, Mr. Cervantes charges that (1) he was coerced and forced into pleading guilty under the terms of his plea agreement because he was not given the opportunity to cooperate, (2) the government breached the plea agreement, (3) the district court improperly denied his motion to withdraw his plea, and (4) his trial counsel provided ineffective assistance by pursuing the plea agreement instead of filing a brief in support of his motion to suppress. The district court dismissed Mr. Cervantes's Section 2255 petition, concluding that the first three issues were raised on direct appeal and trial counsel's performance was not deficient. The court denied the petition for a COA and granted Mr. Cervantes leave to proceed on appeal *in forma pauperis*.

We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Based on our independent review of the record in this case, we agree with the district court that Mr. Cervantes has not met this threshold.

Section 2255 motions are not available to review issues "previously considered and disposed of" on direct appeal or "to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). This court has reviewed and denied three of Mr. Cervantes's four Section 2255 claims on direct appeal. Regarding his claim of coercion, we have already found that his guilty plea was knowing and voluntary. *See Cervantes*, 115 F. App'x at 10. We have also found, in response to Mr. Cervantes's arguments, that the government did not breach the plea agreement, *id.* at 6-8, and that the district court did not err in denying his motion to withdraw his guilty plea, *id.* at 10. Because we have already considered and disposed of these claims, we will not consider them again in a Section 2255 motion.

In order to succeed on his remaining ineffective assistance of counsel claim, Mr. Cervantes must show that his attorney's advocacy fell below an "objective standard of reasonableness," and that, but for counsel's deficient representation, the result in his case would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). To overcome the presumption of objective reasonableness, "the defendant [has] the burden of showing that counsel's action or inaction was not based on a valid strategic choice." *Bullock v. Carver*, 297 F.3d 1036, 1047 (10th Cir. 2002).

Mr. Cervantes implies that his trial counsel was ineffective for failing to file a brief in support of his motion to suppress and instead pursuing a plea

agreement. Counsel's affidavit indicates that he did not support the motion to suppress with a brief because he was, at the time, negotiating a plea agreement for Mr. Cervantes and the government indicated that they would not support a downward departure for cooperation if Mr. Cervantes pursued the suppression issue. *See* Klipstine Aff. Counsel asserts that, based on this representation, he made the decision to focus on a motion for downward departure based on cooperation. Although the opportunity to cooperate did not ultimately materialize, and counsel might've, with the benefit of 20-20 hindsight, made a different decision, Mr. Cervantes has not provided any evidence that counsel's decision was anything other than a strategic choice that was reasonable, even apparently wise, "from counsel's perspective *at the time* of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (emphasis added). Because Mr. Cervantes has not satisfied the first prong of the *Strickland* standard, his ineffective assistance of counsel claim fails.[2]

\* \* \*

---

[2] Mr. Cervantes also agues that the district court should not have denied his request for discovery and an evidentiary hearing. However, the court dismissed the motion without prejudice, with leave to renew the request, because Mr. Cervantes did not articulate reasons in support of his discovery request or requests for specific documents, and because his evidentiary hearing motion was premature. *See* 28 U.S.C. § 2255(b); Rules Governing § 2255 Cases in the U.S. Dist. Cts. 6(b). Mr. Cervantes never renewed his motion, so the responsibility for this outcome lies with him, and reasonable jurists could not disagree that the district court was correct to deny the original motion without prejudice.

Mr. Cervantes has failed to show that the district court's disposition of his Section 2255 petition is debatable or incorrect, therefore his request for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge