FILED
United States Court of Appeals
Tenth Circuit

October 17, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MANUEL LOPEZ,

      Defendant – Appellant.

No. 12-2092
(D.C. Nos. 2:11-CV-00990-MCA-ACT
and 1:08-CR-02968-MCA-1 )
(D. N. M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

      Manuel Lopez, a federal prisoner, seeks a certificate of appealability ("COA") to

challenge the district court's order denying his 28 U.S.C. § 2255 motion to vacate, set

aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal

a "final order in a proceeding under section 2255"). Exercising jurisdiction under 28

U.S.C. § 1291, we dismiss this matter.

---

      * This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

In December 2008, New Mexico State Police Sergeant Nick Ramos stopped Mr. Lopez's vehicle for speeding west of Albuquerque, New Mexico. Mr. Lopez was asked to exit his vehicle. After placing his hands in his pockets, he stated he had a knife in his pocket. Sergeant Ramos conducted a pat-down of Mr. Lopez and felt a cylindrical object. Mr. Lopez stated they were pills.

Sergeant Ramos removed Mr. Lopez's knife and asked him to empty his pockets. When Mr. Lopez did so, Sergeant Ramos noticed that his right hand was curled. Mr. Lopez backed up when asked what was in his hand. Thinking that Mr. Lopez was about to flee, Sergeant Ramos grabbed Mr. Lopez and braced him against the police cruiser.

Sergeant Ramos then thought Mr. Lopez attempted to place his hand near his mouth to ingest something. Sergeant Ramos attempted to choke Mr. Lopez to prevent him from swallowing, and Mr. Lopez was handcuffed. A cylindrical object was retrieved from Mr. Lopez's shirt pocket. Police discovered methamphetamine in the container, and they discovered more methamphetamine in Mr. Lopez's trunk after a K-9 alert.

Mr. Lopez was arrested and charged with possessing with intent to distribute 500 grams or more of methamphetamine. He moved to suppress the methamphetamine evidence, and the district court held a hearing at which Sergeant Ramos testified. After viewing video of the stop, the district court found that Mr. Lopez had not placed his hand near his mouth. Nonetheless, the court accepted as credible Sergeant Ramos's testimony that he believed, from his perspective behind Mr. Lopez, that Mr. Lopez had placed his

-2-

hand near his mouth and was ingesting something. The court held that Sergeant Ramos could then constitutionally take and open the cylindrical container from Mr. Lopez's shirt pocket "to ensure [Mr. Lopez's] safety and to anticipate a possible overdose." Appx., Vol. 1 at 21. The court denied Mr. Lopez's motion to suppress.

On December 7, 2009, Mr. Lopez signed a written plea agreement, which reserved his right to appeal the denial of the motion to suppress. Judgment was entered on February 24, 2010, and Mr. Lopez appealed. On August 4, 2010, the Government provided Mr. Lopez with information concerning Sergeant Ramos's disciplinary history and the credibility of his testimony in other proceedings. He moved for the voluntary dismissal of his appeal, and the Tenth Circuit granted his motion on November 8, 2010.

On November 7, 2011, Mr. Lopez filed a § 2255 motion arguing that, under *Giglio v. United States*, 405 U.S. 150 (1972), the Government was required and had failed to disclose in a timely manner the information regarding Sergeant Ramos's disciplinary history and credibility. A magistrate judge recommended denying the § 2255 motion on two separate bases, which the federal district court adopted.

First, the magistrate judge noted that Mr. Lopez offered no explanation as to why he had voluntarily dismissed his direct appeal, when his *Giglio* claim could have and should have been raised on direct appeal. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) ("A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains,

or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."). The magistrate judge also observed that Mr. Lopez "made no showing of cause and prejudice" for failing to raise the issue on direct appeal. Appx., Vol. 1 at 23 (quotations omitted). Accordingly, the court held that Mr. Lopez was procedurally barred from presenting his *Giglio* claim through a § 2255 motion.

Second, although the procedural ground was "sufficient" to deny the § 2255 motion, the court addressed the merits of Mr. Lopez's *Giglio* claim. *Id.* The court acknowledged that the discipline and credibility information suggested that Sergeant Ramos "may appear to be somewhat overzealous in his traffic stops[] and inconsistent in his court testimony in prior cases." *Id.* at 26. But the court concluded that Sergeant Ramos's "testimony in this case was corroborated by the videotape recording and the district court, having viewed the videotape and observed Sergeant Ramos while testifying, found him to be a credible witness." *Id.* at 26-27. The court found it "difficult to imagine how" the credibility and discipline evidence "would have led to a different result" for Mr. Lopez's motion to suppress. *Id.* at 27. It thus denied the § 2255 motion.

## II.    **DISCUSSION**

Mr. Lopez seeks a COA to challenge the district court's order denying his § 2255 motion. He argues that we should grant a COA on the *Giglio* issue.

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010); *see also* 28 U.S.C. § 2253(c)(1)(B). If the district court's decision

-4-

rested on procedural grounds, we will issue a COA only if the applicant "demonstrate[s] both that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (emphasis added) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

In his COA application, Mr. Lopez does not challenge, or even address, the court's ruling that his *Giglio* claim is procedurally barred because he could have raised it on direct appeal. He argues only the merits of his *Giglio* claim.

The district court's conclusion that Mr. Lopez's *Giglio* claim is procedurally barred established an independent basis for denying his § 2255 motion. In its words, the procedural bar was "sufficient to deny the Motion." Appx., Vol. 1 at 23. Because Mr. Lopez has not attempted to show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Clark*, 468 F.3d at 713, he has not satisfied the COA standard.

### III.    **CONCLUSION**

For the foregoing reasons, we deny Mr. Lopez's application for COA and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge