FILED
United States Court of Appeals
Tenth Circuit

March 30, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

EUGENE VELARDE,

     Defendant - Appellant.

No. 17-8006
(D.C. Nos. 2:16-CV-00117-NDF and
1:13-CR-00160-NDF-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

_____

Movant Eugene Velarde, a federal prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B)

(requiring a COA to appeal an order denying a § 2255 motion). He also requests leave to

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Velarde is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

proceed *in forma pauperis* ("*ifp*").  Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## Background

A jury convicted Mr. Velarde of conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846.  At sentencing, the district court granted Mr. Velarde's request for a downward variance and sentenced him to the statutory minimum of 120 months in prison.  This court affirmed on direct appeal.  *United States v. Velarde*, 606 F. App'x 434 (10th Cir. 2015) (unpublished).

On May 9, 2016, Mr. Velarde filed his pro se § 2255 motion in the United States District Court for the District of Wyoming.  He claimed constitutional violations of: (1) equal protection under the Fifth Amendment because the prosecution failed to offer him the plea agreement it offered to his co-defendants, who received lower sentences than he did despite their more significant criminal histories; and (2) effective assistance of counsel under the Sixth Amendment because his defense counsel failed to secure a plea offer comparable to that of his co-defendants.

On January 6, 2017, the district court denied relief.  It determined:  (1) the equal protection claim was procedurally defaulted; and (2) Mr. Velarde failed to show a basis for relief on his ineffective assistance of counsel claim.

**Discussion**

**1. Equal Protection Claim**

When a district court dismisses a § 2255 motion on procedural grounds, we will issue a COA only if the movant shows it is "debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The district court denied relief on Mr. Velarde's equal protection claim because he did not raise this issue on direct appeal and did not show cause and prejudice to excuse this procedural default or show a miscarriage of justice due to actual innocence. "A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

On appeal, Mr. Velarde argues that direct appeal is reserved only for review of trial court errors, not for the government's alleged discriminatory failure to offer a plea agreement. Aplt. Br. at 4. This argument has no basis in the law. Criminal defendants routinely include claims about the conduct of the prosecution in their direct criminal appeals. *See e.g., United States v. Johnson*, 821 F.3d 1194 (10th Cir. 2016) (raising

claim of prosecutorial misconduct on direct appeal).  Because Mr. Velarde could have raised his equal protection challenge on direct appeal and did not justify his failure to do so, reasonable jurists could not debate the district court's denial of this claim based on procedural default.  We therefore deny a COA on this issue.

## 2. Ineffective Assistance of Counsel Claim

To obtain a COA on his ineffective assistance claim, Mr. Velarde must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also Slack*, 529 U.S. at 483–84.  A prisoner makes "a substantial showing of the denial of a constitutional right" by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Id.* at 484 (quotations omitted).

To establish ineffective assistance of counsel, an applicant must show (1) constitutionally deficient performance that (2) resulted in prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).  If the applicant is unable to show either "deficient performance" or "sufficient prejudice," the ineffective assistance claim "necessarily fails."  *Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010).

In his § 2255 motion, Mr. Velarde claimed his counsel failed to obtain a plea offer comparable to the offers his co-defendants received or, if counsel did obtain such an offer, he failed to communicate it to Mr. Velarde.  The record fails to show the Government communicated a plea offer to defense counsel or even would have been

willing to engage in plea negotiations with Mr. Velarde. Also, as the district court noted, Mr. Velarde failed to show his sentence would have been different with a plea agreement. Mr. Velarde did not show deficient performance or prejudice. Reasonable jurists could not debate the district court's denial of his ineffective assistance claim. We therefore deny a COA.

## Conclusion

We deny a COA on both the equal protection and ineffective assistance of counsel issues Mr. Velarde wishes to appeal. We also deny his motion to proceed *ifp*. This matter is dismissed.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge