**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANDRE J. TWITTY,

    Defendant - Appellant.

No. 22-1182
(D.C. No. 1:22-CV-00393-RBJ & D.C. No.
1:19-CR-00344-RBJ-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Andre J. Twitty, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's order denying his 28 U.S.C. § 2255

motion. As we explain, we deny Mr. Twitty's COA request and dismiss the matter.

I. Background

While serving a sentence in federal prison for making threats, Mr. Twitty

threatened a Bureau of Prisons disciplinary officer. He was indicted for violating

Colorado's stalking statute, Colo. Rev. Stat. § 18-3-602(1)(b), as assimilated by the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Assimilative Crimes Act (ACA), 18 U.S.C. § 13.[1]  Mr. Twitty moved to dismiss the

indictment, arguing the Colorado stalking statute was unconstitutional because it did not

contain a mens rea requirement.  Because the government had included an intent

requirement in the indictment, however, the district court determined it should interpret

the Colorado statute as having a constitutionally sufficient mens rea requirement.  The

case proceeded to trial, and the jury was instructed the government had to prove

Mr. Twitty intended the recipient to feel threatened.  The jury found Mr. Twitty guilty.

After the jury verdict, Mr. Twitty moved for a new trial.  He argued the district

court lacked subject matter jurisdiction because 18 U.S.C. § 2261A punished

approximately the same conduct as the Colorado statute, and so the ACA did not properly

assimilate the Colorado statute.  He asserted this warranted a new trial under § 2261A.

The district court denied the motion.

Mr. Twitty then moved to dismiss the indictment, arguing 18 U.S.C.

§ 115(a)(1)(B) also punished approximately the same conduct as the Colorado statute.

He asserted the trial court did not have subject matter jurisdiction because the ACA did

not apply to Mr. Twitty and his alleged conduct.  The district court rejected Mr. Twitty's

characterization of his argument as jurisdictional.  The court denied the motion,

---

[1] As the Supreme Court explained in *Lewis v. United States*, 523 U.S. 155, 160 (1998), "[t]he ACA's basic purpose is one of borrowing state law to fill gaps in the federal criminal law that applies on federal enclaves."  The Court further explained that the ACA does "not apply where both state and federal statutes seek to punish approximately the same wrongful behavior." *Id.* at 165.

concluding it presented a non-jurisdictional challenge that the indictment was defective and should have been raised pretrial.

The district court entered judgment, sentencing Mr. Twitty to 60 months in prison and a three-year term of supervised release.  He appealed his conviction, arguing, among other things, that the ACA did not properly assimilate the Colorado statute, and the district court erred in denying his motions asserting improper assimilation.  We determined that "[b]ecause the basis for [Mr. Twitty's] motion—improper assimilation—is non-jurisdictional, existed pretrial, and the district court could have resolved the motion without a trial on the merits, [he] had to make his motion pretrial." *United States v. Twitty*, 859 F. App'x 310, 313 (10th Cir.), *cert. denied*, 142 S. Ct. 323 (2021).  We also explained that—unless he could show good cause for not raising this improper-assimilation argument pretrial—we could not review his challenge.  *Id.* Because he did not attempt to show good cause for failing to make this argument, we affirmed the district court's denial of his post-trial motions and affirmed Mr. Twitty's conviction.[2]  *Id.* at 314.

Mr. Twitty then filed a pro se § 2255 motion.  He initially raised seven issues, but he later filed an "ADDENDUM" explaining he "would like to simplify his argument." R., Vol. I at 118.  He stated:  "The sole issue is whether the . . . [ACA] . . . precludes the adoption of a state statute, where both State and Federal statutes seek to punish

---

[2] We also rejected Mr. Twitty's other appellate arguments, which are not relevant to this proceeding.

approximately the same wrongful behavior." *Id.* (capitalization corrected and brackets, ellipsis, and internal quotation marks omitted).

Construing the § 2255 motion and addendum liberally, the district court determined Mr. Twitty was claiming counsel was ineffective for failing to raise the argument in district court that he was now identifying as the sole issue in his § 2255 motion.

Regarding the first issue, the district court explained Mr. Twitty had raised that argument in his direct appeal and "[a]n argument that was raised in a direct appeal cannot again be made in a § 2255 motion to vacate." Prelim. Suppl. R. at 5 (citing *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994)). As for the second issue, the district court concluded Mr. Twitty had not met his burden of showing either his trial counsel's failure to raise the ACA argument in district court constituted deficient performance or had counsel raised the argument, the outcome would have been different. The district court therefore denied the § 2255 motion.

Mr. Twitty now seeks a COA to appeal the district court's order denying relief under § 2255.

II.  Discussion

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010); *see also* 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, Mr. Twitty must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). For claims the district court addresses on the merits, he must show "reasonable jurists

4

would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For claims the district court resolves on a procedural ground, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reasons would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In his COA brief, Mr. Twitty argues: (1) no jurisdiction existed in the trial court because 18 U.S.C. § 115 barred the assimilation of the Colorado state statute; (2) trial counsel was ineffective for failing to make a pretrial argument about improper assimilation; and (3) the attorneys for the government committed fraud on the court during the motions[3] hearing when they stated that the only way to charge him was under the ACA.

We begin with Mr. Twitty's fraud-on-the court argument. Mr. Twitty did not raise this argument in his § 2255 motion or addendum nor did he assert he was unable to do so. Accordingly, "we adhere to our general rule against considering issues for the first time on appeal" and decline to address this newly raised argument. *United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (declining to consider arguments for COA that pro se applicant failed to present in district court).

Next, we turn to Mr. Twitty's improper-assimilation argument. The district court resolved this issue by explaining Mr. Twitty had raised it in his direct appeal and

---

[3] Mr. Twitty does not identify the date of the motions hearing, but the only motions hearing listed on the docket occurred before trial on November 1, 2019.

therefore he could not raise it again in his § 2255 motion. Mr. Twitty argues the merits of his improper-assimilation argument again and does not address the district court's procedural ruling. Because he fails to challenge that ruling, he necessarily fails to show that reasonable jurists could debate it. We therefore deny his request for a COA on this issue.

Finally, we consider Mr. Twitty's argument that his counsel was ineffective for failing to raise the improper-assimilation argument in a pretrial motion. He contends that if his attorney had filed the proper pretrial motion to dismiss, there is a reasonable probability that the outcome would have been different.

To establish ineffective assistance of counsel, a defendant must meet the two-prong test the Supreme Court announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Meadows v. Lind*, 996 F.3d 1067, 1074 (10th Cir. 2021). "First, the defendant must show his counsel's performance fell 'below an objective standard of reasonableness' and, second, 'the deficient performance prejudiced the defense.'" *Id.* (quoting *Strickland*, 466 U.S. at 687-88). "If the defendant cannot establish either of these prongs, his ineffective-assistance claim fails." *Id.*

The district court concluded Mr. Twitty failed to make a showing on both prongs of the *Strickland* test. Regarding the first prong of the *Strickland* test, the district court explained that counsel moved pretrial to dismiss the indictment on the ground that the Colorado statute was unconstitutional because it did not require proof of mens rea, which was an argument based on the Supreme Court's decision in *Elonis v. United States*, 575 U.S. 723 (2015). The district court further explained that "counsel's argument was a

6

good one" and the court "agreed with it." Prelim. Suppl. R. at 5-6. But the district court declined to declare the statute unconstitutional and instead resolved the issue by interpreting the state statute to include a mens rea requirement and instructing the jury accordingly. The court concluded counsel's decision to proceed with this argument pretrial, rather than an improper-assimilation argument, was a strategic choice and not deficient performance.[4]

As for the second prong, the district court determined "Mr. Twitty similarly failed to carry his burden . . . of showing that there is a reasonable probability that had his lawyer made the assimilation argument, the outcome of the case would be different." *Id.* at 6.

Recall, if the defendant cannot establish either *Strickland* prong, his claim for ineffective assistance of counsel must fail. *See Meadows*, 996 F.3d at 1074; *see also Sumpter v. Kansas*, 56 F.4th 871, 883 (10th Cir. 2022) ("[The] two [*Strickland*] prongs may be addressed in any order, and failure to satisfy either is dispositive." (internal quotation marks omitted)). As we explain below, because Mr. Twitty has not met his burden of showing the district court's decision on the first *Strickland* prong was reasonably debatable, we need not address the second prong. *Cf. Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to

---

[4] The court also noted that Mr. Twitty had succeeded in having a pro se petition for writ of certiorari granted and another one of his convictions vacated based on an *Elonis* argument.

address both components of the inquiry if the defendant makes an insufficient showing on one.").

In his COA application, Mr. Twitty fails to address the district court's reasoning on the first *Strickland* prong that his counsel made a strategic choice to make the *Elonis* argument in the pretrial motion to dismiss and therefore counsel's performance was not deficient.  Mr. Twitty simply makes the conclusory assertion that "had the trial attorney filed the proper pretrial motion to dismiss . . . there is a reasonable probability that the trial would not have taken place."  COA App. at 3.  Mr. Twitty has failed to address the basis for the district court's conclusion that his counsel's performance was not deficient and thus cannot show reasonable jurists would find the district court's assessment of his ineffective assistance of counsel claim debatable or wrong.  *Cf. Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1369 (10th Cir. 2015) (affirming district court's decision where the "opening brief contain[ed] nary a word to challenge the basis of" that decision).

III.  Conclusion

We deny a COA and dismiss this matter.  We grant Mr. Twitty's motion for leave to proceed on appeal without prepayment of costs or fees.  We also grant Mr. Twitty's motions to supplement his COA application,[5] but we deny as moot his requests for

---

[5] We have considered the supplements to Mr. Twitty's COA application, but they do not alter our analysis.  Both supplements reargue the merits of Mr. Twitty's improper-assimilation argument, which he previously raised on direct appeal, *see Twitty*, 859 F. App'x at 312-14.  As part of his improper-assimilation argument, Mr. Twitty now cites *United States v. Harris*, 10 F.4th 1005 (10th Cir. 2021), which he suggests represents a change in law in this circuit.  In *Harris*, this court reversed on direct appeal the district court's denial of a pretrial motion to dismiss, agreeing with the defendant that a Wyoming assault statute should not have been assimilated through the ACA.  *Id.* at

release pending appeal contained in those motions.

Entered for the Court

Veronica S. Rossman
Circuit Judge

---

1008, 1009. But *Harris* involved different factual circumstances, different state and federal statutes, and a different procedural posture than Mr. Twitty's case, and it does not impact his entitlement to a COA. As discussed, the district court determined Mr. Twitty could not raise his improper-assimilation argument again in his § 2255 motion—a determination he has not challenged in his COA application. And, although he continues to characterize his argument as jurisdictional in nature, this court previously concluded that his improper-assimilation argument "did not present a jurisdictional issue." *Twitty*, 859 F. App'x at 313.