**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 7 2002**

**TENND CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RODNEY ALPHONZE
ARCENEAUX,

     Defendant - Appellant.

No. 01-6295
(D.C. Nos. 01-CV-637-R,
98-CR-61-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

     Rodney Arceneaux, a federal prisoner appearing pro se, seeks a certificate

of appealability ("COA") allowing him to appeal the district court's order denying

relief on his habeas petition pursuant to 28 U.S.C. § 2255. Mr. Arceneaux has

failed to make a "substantial showing of the denial of a constitutional right" as

required by 28 U.S.C. § 2253(c)(2). We deny a COA, a jurisdictional

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

prerequisite, 28 U.S.C. § 2253(c)(1)(B), and dismiss the appeal.

Mr. Arceneaux pleaded guilty to possession with intent to distribute cocaine base ("crack") and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He later unsuccessfully sought to withdraw his guilty plea. Mr. Arceneaux was sentenced to 292 months imprisonment and five years supervised release. On direct appeal, this court affirmed Mr. Arceneaux's conviction and sentence. United States v. Arceneaux, No. 99-6049, 2000 WL 136150 (10th Cir. Jan. 26, 2000).

On appeal of the denial of his § 2255 motion, Mr. Arceneaux argues that (1) he has not had a full and fair opportunity for an adjudication of his Fourth Amendment claim, and (2) he was denied his constitutional right to effective assistance of counsel when the district court denied his § 2255 motion without adjudicating the merits. Aplt. Br. (A-15) at 3.

We agree with the district court that Mr. Arceneaux's Fourth Amendment claim and his ineffective assistance of counsel claim was addressed by this court on direct appeal. Arceneaux, 2000 WL 136150 at * 2. We found Mr. Arceneaux had failed to show that his counsel was ineffective and could not raise his Fourth Amendment claim given his valid guilty plea. Id. Mr. Arceneaux may not raise issues decided on direct appeal under § 2255. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (citing cases).

We DENY Mr. Arceneaux's request for a COA and IFP and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge