**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RODNEY ALPHONZE
ARCENEAUX,

     Defendant - Appellant.

No. 08-6108
(D.C. No. 98-CR-00061-R-2)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

Defendant-Appellant Rodney Alphonze Arceneaux appeals the district
court's denial of his motion under 18 U.S.C. § 3582(c)(2) to modify his sentence.
Mr. Arceneaux pled guilty to possession of cocaine base with intent to distribute,
21 U.S.C. § 841(a)(1), and was sentenced to 292 months' imprisonment and five
years' supervised release. He appealed his sentence and this court affirmed.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

United States v. Arceneaux, No. 99-6049, 2000 WL 136150 (10th Cir. Jan. 26, 2000) (unpublished). He later sought relief pursuant to 28 U.S.C. § 2255; the district court denied the motion and we denied a certificate of appealability. United States v. Arceneaux, 26 Fed. App'x 894, 2002 WL 189058 (10th Cir. Feb. 7, 2002). Thereafter, on motion by the government pursuant to Fed. R. Crim. P. 35, the district court (in September 2000) reduced Mr. Arceneaux's sentence to 220 months. Mr. Arceneaux's projected release date is July 13, 2019.

On April 17, 2008, Mr. Arceneaux filed a motion for resentencing under 18 U.S.C. § 3582(c)(2), pursuant to Amendment 706 of the Sentencing Guidelines. Thereafter, he filed a counseled motion for reduction of sentence joined at least in part by the government. Mr. Arceneaux and the government agreed that Amendment 706 was applicable, that the revised Guideline calculation would result in a Guideline range of 235 to 293 months, and that a proportional reduction in his sentence would result in a sentence of 176 months. 1 R. Doc. 258 at 2. Mr. Arceneaux sought a sentence of 163 months (235 - 72 months), claiming that the Guidelines were merely advisory, which the government opposed as contrary to U.S.S.G. § 1B1.10, Application Note 3 (Mar. 3, 2008 Supp.). Id.

On May 1, 2008, the district court denied the motion entirely after considering the factors set forth in 18 U.S.C. § 3553 and in light of Mr. Arceneaux's "lack of institutional adjustment." 1 R. Doc. 259. Mr. Arceneaux

contends that the district court erred in denying his motion, leaving in place an unreasonable sentence in light of the statutory factors enumerated in 18 U.S.C. § 3553(a). He contends that the government never opposed his motion based on any public safety factors, and that the disagreement between the parties was whether Mr. Arceneaux's alternative to computing the proportional reduction was proper. Aplt. Br. at 11; see also U.S.S.G. § 1B1.10(b)(2)(B) & Application Note 3 (Mar. 3, 2008 Supp.). He further notes that his institutional record was relatively unexceptional, did not result in additional criminal charges, and none of the incidents reported were related to controlled substances, alcohol, or dangerous weapons. Aplt. Br. at 12.

We review the district court's denial of a motion for resentencing for abuse of discretion. United States v. Sharkey, No. 08-3115, 2008 WL 4482893 (10th Cir. Oct. 7, 2008). Section 3582(c)(2) permits the district court to reduce a term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a)." Factors to be considered under § 3553(a) include, but are not limited to, the character of the offense and the defendant's history; the need for the sentence to protect the public, afford deterrence, and reflect the seriousness of the offense; and the applicable sentencing range. Under U.S.S.G. § 1B1.10, the district court plainly may consider post-sentencing conduct. U.S.S.G. § 1B1.10, Application

- 3 -

Note 1(B)(iii) (Mar. 3, 2008 Supp.).

Given our standard of review, we affirm the district court. First, 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 (Mar. 3, 2008 Supp.) grant the district court discretion on whether to reduce a term of imprisonment based on a sentencing range that has been subsequently modified. The subsequent modification under Amendment 706 did not make mandatory a sentencing reduction. Second, in making its determination, the district court must consider the factors set forth under § 3553(a). After a review of the record, including the Presentence Investigation Report and the Preliminary Report for Consideration of Sentence Reduction Based on Crack Cocaine Amendment, both prepared by the Probation Office, we note that Mr. Arceneaux has a record of disciplinary infractions spanning his imprisonment and that the district court's denial of his motion does not constitute an abuse of discretion.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge