FILED
United States Court of Appeals
Tenth Circuit

June 10, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAFER HARRISON,

Defendant - Appellant.

No. 09-2220

(D. New Mexico)

(D.C. No. 1:03-CV-01435-LH-KBM)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **SEYMOUR**, and **EBEL**, Circuit Judges.

Rafer Harrison appeals the district court's order denying his motion under Fed. R. Civ. P. 60(b). Because his motion must be treated as a successive motion for habeas relief under 28 U.S.C. § 2255, we vacate the district court's order for lack of subject-matter jurisdiction, construe Mr. Harrison's notice of appeal and appellate brief as an application for authorization to file a successive § 2255 motion, and deny authorization.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

Mr. Harrison was convicted of sexual-abuse offenses in the United States District Court for the District of New Mexico.  Since then, he has sought relief in this court on four occasions.  After his conviction was affirmed on appeal, *see United States v. Harrison*, 296 F.3d 994 (10th Cir. 2002), he moved for habeas relief under 28 U.S.C. § 2255, alleging (1) that the jury was not selected from a fair cross-section of the community and (2) that he was denied effective assistance of counsel.  When the magistrate judge issued her recommendation that the § 2255 motion be denied, he moved to amend his motion to expand the grounds for his ineffective-assistance claim.  The district court, treating the motion to amend as stating objections to the magistrate judge's recommendation, denied them as waived and dismissed the § 2255 motion with prejudice.  We denied his application for a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal dismissal of § 2255 motion), and dismissed the appeal, *see United States v. Harrison*, 120 F. App'x 761 (10th Cir. 2005).

Three years later Mr. Harrison filed a "Motion To Re-Open a 28 U.S.C. 2255 Habeas Corpus Action A Previous Final Habeas Judgment Pursuant to Fed. R. Civ. P. Rule 60(b)."  R. at 108.  The motion asserted that the district court had erred in dismissing both his motion to amend and his ineffective-assistance claim in the § 2255 motion.  The court construed this motion as a second § 2255 motion

and dismissed it for lack of jurisdiction. Mr. Harrison sought our authorization to file a second or successive § 2255 motion, but we denied his request.

Mr. Harrison's present trip to this court concerns his "Motion in nature of your F.R.C.P. 60(b)(3)(6) and 12(b)(1)(2)(3) and (7)," filed in the district court on August 3, 2009. R. at 206. As we understand his motion, Mr. Harrison contends that the government committed fraud by failing to disclose that it lacked jurisdiction and statutory authority to prosecute him. His jurisdictional arguments appear to be based on the absence of any interstate-commerce allegation in the charges against him. The district court denied the motion, ruling that it was not proper under the Rules of Civil Procedure and declining to recharacterize it as a § 2255 motion. On appeal Mr. Harrison abandons the Rule 12(b) ground but argues that the court erred in denying his Rule 60(b) motion. In addition, an attachment to his brief seeks this court's authorization under 28 U.S.C. § 2244(b)(3)(A) for the district court to consider his jurisdictional arguments in a second-or-successive habeas motion.

## II.    DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner cannot file a "second or successive" motion under § 2255 unless it is "certified . . . by a panel of the appropriate court of appeals to contain—(1) newly

discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).

The Supreme Court has explained that a Rule 60(b) motion should be construed as a successive habeas petition if it (1) "seeks to add a new ground for relief," or (2) "attacks the federal court's previous resolution of a [habeas] claim *on the merits*."  *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).  But a Rule 60(b) motion is not a successive petition if it attacks "some defect in the integrity of the federal habeas proceedings."  *Id.*  Although *Gonzalez* dealt with § 2254 applications for relief, we have applied its analysis to § 2255 motions.  *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006).  Because Mr. Harrison proceeded pro se, we construe his motion liberally.  *See id.* at 1148.

Our first task is to decide whether Mr. Harrison's motion attacks the integrity of the habeas proceedings.  "If the alleged fraud on the court relates *solely* to fraud perpetrated on the federal habeas court, then the motion will be considered a true 60(b) motion" and not a successive petition.  *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).  But "if the fraud on the habeas court includes (or necessarily implies) related fraud on the . . . federal district court that convicted and/or sentenced the movant . . . , then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding."  *Id.*

Mr. Harrison's motion does not challenge the integrity of the habeas proceeding. Rather, it asserts that the government committed fraud when it failed to disclose to the district court an alleged lack of authority and jurisdiction to prosecute. Because the fraud allegation concerns the federal court that convicted Mr. Harrison, we construe his Rule 60(b) motion as a successive § 2255 motion. The district court therefore had no subject-matter jurisdiction over the motion. *See Nelson*, 465 F.3d at 1149.

We may, however, treat Mr. Harrison's notice of appeal and appellate brief as an application to file a successive § 2255 motion. *See id.* But Mr. Harrison has alleged neither newly discovered evidence nor a new rule of law that applies retroactively. Accordingly, we deny his application.

## III. CONCLUSION

We VACATE the district court's order for lack of jurisdiction. We DENY Mr. Harrison's application for authorization to file a successive § 2255 motion and his application for a COA.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge