FILED
United States Court of Appeals
Tenth Circuit

February 25, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAFER HARRISON,

Defendant-Appellant.

No. 10-2223
(D.C. Nos.1:03-CV-01435-LH-KBM
& 1:00-CR-01152-LH-1)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Rafer Harrison, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his second amended 28 U.S.C. § 2255 motion for lack of jurisdiction. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we conclude that the second amended § 2255 motion was a second or successive motion requiring this court's authorization to proceed in district court under 28 U.S.C. §§ 2255(h) and 2244(b). Because no reasonable jurist could argue that the district court erred in dismissing the motion, we deny a COA and dismiss this matter.

Mr. Harrison's second amended § 2255 motion is among the latest of numerous challenges to his criminal convictions for aggravated sexual abuse of a

child under twelve years old and abusive sexual contact with a child. *See, e.g., United States v. Harrison*, 382 F. App'x 678, 680 (10th Cir. 2010) (holding that the district court should have dismissed a Fed. R. Civ. P. 60(b) motion for lack of jurisdiction as an unauthorized second or successive § 2255 motion and denying authorization to file the motion); *In re Harrison*, No. 09-2245 (10th Cir. Nov. 3, 2009) (unpublished order denying authorization to file a successive § 2255 motion); *In re Harrison*, No. 08-2271 (10th Cir. Nov. 25, 2008) (unpublished order denying authorization to file a successive § 2255 motion); *United States v. Harrison*, 120 F. App'x 761, 764 (10th Cir. 2005) (denying a COA to appeal denial of § 2255 motion). In his second amended § 2255 motion, Mr. Harrison asserted that his trial counsel was ineffective in failing to investigate the victim's medical examination and to allege treaty violations, and his appellate counsel was ineffective in failing to argue that the jury was not representative of the community, to allege treaty violations, and to raise other, unspecified issues on appeal.

When a district court dismisses a § 2255 motion for lack of jurisdiction under the procedures applicable to second or successive motions, the applicant must obtain a COA to appeal. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Where a district court's ruling rests on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

-2-

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because both of these elements must be shown, the court may address them in whatever sequence is convenient. *Id.* at 485.

The procedural ruling is dispositive of this matter. "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). When presented with an unauthorized, successive filing, the district court may transfer the filing to this court if it is in the interest of justice to do so or dismiss it for lack of jurisdiction. *See id.* at 1252.

Mr. Harrison wishes to argue that his trial and appellate counsel were ineffective. Thus, he clearly seeks to attack the validity of his convictions, and it follows that the second amended § 2255 motion is subject to the requirements for successive § 2255 motions. *See United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006). Mr. Harrison's sole argument to the contrary is that his second amended § 2255 motion should relate back to his initial § 2255 motion. But by the time he filed the second amended § 2255 motion, the district court had already decided the initial § 2255 motion (and this court had affirmed the decision). So it was too late for the new motion to relate back to the initial § 2255 motion. *See id.* (noting that once judgment is entered, an amended complaint cannot be filed

until the judgment is vacated, and stating that a motion to amend and supplement a § 2255 motion filed after entry of judgment must be treated as a successive § 2255 motion requiring prior circuit court authorization).

*Cline* makes it clear that dismissal for lack of jurisdiction is an appropriate disposition of an unauthorized, successive § 2255 motion. 531 F.3d at 1252. Because no reasonable jurist could conclude that the district court erred in dismissing Mr. Harrison's second amended § 2255 motion, Mr. Harrison has not met the requirements for a COA. Accordingly, the application for a COA is DENIED and this matter is DISMISSED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge