FILED
United States Court of Appeals
Tenth Circuit

November 9, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JEFFREY F. GEDDES,

Defendant-Appellant.

No. 10-4026

(D. Utah)

(D.C. No. 2:06-CR-00726-TC-BCW-1)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Jeffrey F. Geddes appeals from the district court's judgment of conviction and sentence entered January 1, 2010.[1]  Geddes's counsel has filed an *Anders* brief,[2] asserting he could find no meritorious basis for appeal and simultaneously moving to withdraw as counsel.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  For those reasons set out below, this court **grants** counsel's motion to withdraw and **dismisses** this appeal.

In November of 2008, Geddes entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) providing for a sentence of 120 months' imprisonment to resolve the charges set out in the superseding indictment.  Before the district court could formally accept the plea and impose

---

[1]To be clear, the judgment filed by the district court on January 27, 2010, resolved criminal charges set out in two separate indictments: 2:06-cr-00726 and 2:09-cr-00592.  The superseding indictment in 2:06-cr-00726 charged fifty-two counts of bank fraud, in violation of 18 U.S.C. § 1344, and four counts of wire fraud, in violation of 18 U.S.C. § 1343.  The indictment in 2:09-cr-00592 charged a single count of failure to appear, in violation of 18 U.S.C. § 3146.  No notice of appeal was filed in case 2:09-cr-00592.  Instead, the only notice of appeal was filed in 2:06-cr-00726; that notice of appeal identifies the matter to be appealed as the district court's final judgment in 2:06-cr-00726.  Accordingly, the final judgment entered by the district court on Geddes's failure-to-appear conviction in 2:09-cr-00592 is not before this court.  Nevertheless, for the benefit of the district court, we note the judgment appears to contain a simple clerical error with regard to Geddes's failure-to-appear conviction.  The judgment indicates Geddes's failure-to-appear conviction was for a violation of 18 U.S.C. § 592, a provision relating to military officials bringing or keeping troops at polling locations.  As the indictment makes clear, however, Geddes's failure-to-appear conviction was for a violation of 18 U.S.C. § 3146(a).  In the interest of the accuracy of Geddes's judgment of conviction, the district court may want to correct this clerical error pursuant to the authority of Federal Rule of Criminal Procedure 36.

[2]*Anders v. California*, 386 U.S. 738 (1967).

sentence, Geddes absconded. When Geddes was returned to custody, the district court held a hearing on August 7, 2009, and informed Geddes it would not accept Geddes's Rule 11(c)(1)(C) guilty plea. Shortly thereafter, on September 10, 2009, the district court held an additional hearing. At the hearing on September 10th, the district court formally rejected Geddes's Rule 11(c)(1)(C) guilty plea and did so in accordance with the provisions of Federal Rule of Criminal Procedure 11(c)(5). Geddes withdrew his guilty plea at the September 10th hearing, Fed. R. Crim. P. 11(d)(2)(A), but thereafter entered into a new guilty plea resolving all fifty-six counts set out in the superseding indictment. The district court accepted this plea agreement and imposed upon Geddes a within-Guidelines sentence of 162 months' imprisonment.

Geddes's counsel has filed an *Anders* brief advising the court this appeal is wholly frivolous. Accordingly, counsel seeks permission to withdraw. Pursuant to *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required to submit an appellate brief "indicating any potential appealable issues." *Id.* Once notified of counsel's brief, the defendant may then submit additional arguments to this court. *Id.* We "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *Id.*

Although counsel's *Anders* brief was served on Geddes, he did not file a response. Likewise, the government has declined to file a brief. Thus, our resolution of the case is based on counsel's *Anders* brief and this court's independent review of the record. That independent review confirms counsel's assertion that this appeal is meritless. In particular, without regard to whether the district court complied with Rule 11(c)(5) during the hearing on August 7th, there is absolutely no doubt that the district court complied with the dictates of Rule 11(c)(5) during the follow-up hearing on September 10th. Furthermore, a conscientious examination of the record reveals no doubt that the district court's within-Guidelines sentence was substantively reasonable. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge