**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 8, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JEFFREY F. GEDDES,

        Defendant - Appellant.

No. 12-4029
(D.C. No. 2:11-CV-01052-TC)
(D. Utah)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and petitioner, Jeffrey Geddes, appearing *pro se*, seeks a certificate of appealability ("COA") in order to appeal the district court's denial of his motion for relief under 28 U.S.C. § 2255. See 28 U.S.C. § 2253(c)(1)(B)

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(requiring COA to appeal dismissal of § 2255 motion). Because the issues raised by Mr. Geddes could have been, but were not, raised on direct appeal, we deny his request for a COA and dismiss this matter.

Mr. Geddes pled guilty to multiple charges of bank and wire fraud, and a single charge of failure to appear. He was sentenced to 188 months of imprisonment. On appeal, his attorney filed an Anders[1] brief and the appeal was dismissed, following our consideration of the two issues raised by counsel. United States v. Geddes, 401 Fed. Appx. 387 (10th Cir. 2010).

Mr. Geddes then filed his § 2255 motion, claiming that he was denied counsel of his choice in violation of the Sixth Amendment because he was forced to use the public defender rather than private counsel. On December 5, 2011, the district court issued an Order and Memorandum Decision, denying Mr. Geddes' motion, ruling that his claim is procedurally barred because it could have been, but was not, raised on direct appeal.

It is well established that "[s]ection 2255 motions are not available to test the legality of matters which should have been [but were not] raised on direct appeal," unless the movant "can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed," United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see United States v.

---

[1]Anders v. California, 386 U.S. 738 (1967).

-2-

<u>Frady</u>, 456 U.S. 152 (1982); <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003) (noting the "general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice").

Mr. Geddes does not contend that the issue raised in his § 2255 motion was raised on his direct appeal. Nor does he argue that circuit law has changed since his direct appeal. Rather, he contends that his attorney failed to raise issues on appeal that Mr. Geddes wanted him to raise. Appellant's Opening Br. at 4.

Nevertheless, under Tenth Circuit Rule 46.4(B)(1), (2), when counsel files an <u>Anders</u> brief, and moves to withdraw on the grounds that there are no meritorious issues on appeal, the clerk of this court sends the defendant, by certified mail, a copy of counsel's brief, the motion to withdraw, and a notice containing instructions to the defendant with respect to his right to raise any appellate issue he desires. The records of this court show that Mr. Geddes was sent those documents, including the notice, to the address he continues to list as the correct one, on June 4, 2010. The court thereafter received a signed return receipt acknowledging delivery of those items to Mr. Geddes. Copies of that notice and the return receipt are attached.

As we indicated in our opinion on Mr. Geddes' direct appeal, <u>United States v. Geddes</u>, 401 Fed. Appx. 387, and again reaffirm, from June 4, 2010, to November 9, 2010, the date we issued our opinion, Mr. Geddes did not file any

response as directed in the notice, or attempt in any way to advance the arguments he seeks now to make.

We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Mr. Geddes must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court dismisses a petition on procedural grounds, as it did here, the applicant must not only make a substantial showing of the denial of a constitutional right; he must also demonstrate that the district court's "dismissal on procedural grounds was debatable or incorrect." Id. at 485. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. at 484. That is the case here.

Accordingly, substantially for the reasons set forth in the district court's Order and Memorandum Decision dated December 5, 2011, we DENY Mr. Geddes' application for a COA and DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-4-

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

June 04, 2010

Douglas E. Cressler
Chief Deputy Clerk

Mr. Jeffrey F. Geddes
FCI-Sheridan
P.O. Box 5000
Sheridan, OK 97378-5000
41750-048

RE:    **10-4026, United States v. Geddes**
       Dist/Ag docket: 2:06-CR-00726-TC-BCW-1

Dear Appellant:

Your attorney filed a brief on June 4, 2010, stating a belief that your appeal is frivolous and requesting permission to withdraw from the case. Please be advised:

1. You have 30 days from the date this notice was mailed in which to raise any points to show why your conviction should be set aside.
2. If you do not respond within the 30 days, the court may affirm or dismiss your appeal. An affirmance or dismissal would mean that your case would be finally decided against you.
3. If you want to make a showing why the court should not affirm or dismiss your appeal, and you believe that there is a very good reason why you will not be able to file your objections to affirmance or dismissal with the court within the 30-day limit, you should write immediately to the court and ask for up to 30 more days. If additional time is granted, you must file your objections and state the reasons why the court should not affirm or dismiss your appeal before your additional time expires.
4. You do not have a right to another attorney unless this court finds, based upon your objections and the reasons for them, that your case requires further briefing or argument. If the court finds that your case requires further briefing or argument, an attorney will be appointed to handle your appeal.

If you want to write to this court, you should address your letter to:

Clerk of the Court
United States Court of Appeals
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

Be sure to show the name and number of your case CLEARLY ON any material you send to the court.

Notice mailed <u>June 4, 2010.</u>

The appellee shall serve and file a brief within 30 days after service of appellant's response.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court


cc:     David Backman
        Cy H. Castle
        Benji McMurray
        Scott Keith Wilson

EAS/ng

2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jeffrey F. Greddes
# 41750-048
FCI-Sheridan
P.O. Box 5000
Sheridan, OR 97378-5000

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Perez_  ☒ Agent  ☐ Addressee

B. Received by (Printed Name)  E. Perez   C. Date of Delivery  6/7/10

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☒ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from)   7007 1490 0001 4696 5896

PS Form 3811, August 2001        Domestic Return Receipt        10-4026        2ACPRI-03-Z-0985

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

7007 1490 0001 4696 5896

Postage  $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees  $

Postmark
Here

10-4026

Sent To  Jeffrey F. Greddes # 41750-048
Street, Apt. No.;
or PO Box No.  PO Box 5000, FCI Sheridan
City, State, ZIP+4  Sheridan, OR. 97378-5000

PS Form 3800, August 2006        See Reverse for Instructions